*United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

October 30, 2017

Mr. David Crews
Northern District of Mississippi, Aberdeen
United States District Court
301 W. Commerce Street
Aberdeen, MS 39730

    No. 17-60446   In re: Jeremy Davis
                      USDC No. 1:17-CV-75

Dear Mr. Crews,

Enclosed is a copy of the judgment issued as the mandate.

                                  Sincerely,

                                    LYLE W. CAYCE, Clerk

                                    By: _____
                                  Shea E. Pertuit, Deputy Clerk
                                  504-310-7666

cc w/encl:
    Mr. Jeremy Dale Davis

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60446

In re: JEREMY DALE DAVIS,

                         Movant

A True Copy
Certified order issued Oct 30, 2017

*Tyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

Motion for an order authorizing
the United States District Court for the
Northern District of Mississippi, Aberdeen to consider
a successive 28 U.S.C. § 2254 application

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:

    Jeremy Dale Davis, Mississippi prisoner # R0265, moves this court for authorization to file a successive 28 U.S.C. § 2254 application challenging his convictions of aggravated assault on a police officer, escape, burglary of a dwelling, and possession of a firearm by a convicted felon, for which he was sentenced to 59 years of imprisonment. If granted authorization, Davis would argue that his trial counsel was ineffective because of a direct conflict of interest and that his rights were violated by the trial court's failure to conduct an inquiry into the conflict.

    Before Davis may file a successive § 2254 application, he must obtain an order from this court authorizing its consideration by the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Davis must make a prima facie showing that his proposed application relies on either: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

Case: 17-60446    Document: 00514215734    Page: 2    Date Filed: 10/30/2017

No. 17-60446

previously unavailable"; or (2) a factual predicate that "could not have been discovered previously through the exercise of due diligence." § 2244(b)(2)(A), (2)(B)(i), & (3)(C). If the application relies on a newly discovered factual predicate, Davis must make a prima facie showing that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." § 2244(b)(2)(B)(ii). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." § 2244(b)(1).

The factual predicate for Davis's claim that his trial counsel was ineffective due to an alleged conflict of interest was available at the time of voir dire during his trial and also was presented in his prior § 2254 application. Therefore, we will not consider it. *See id.* Davis has failed to make the required showing with regard to his remaining claim. Accordingly, IT IS ORDERED that the motion for authorization is DENIED.